**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

**FILED**

**February 7, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **S.S.-1, S.S.-2, and D.S.**

**No. 19-0367** (Kanawha County 18-JA-492, 18-JA-493, and 18-JA-494)

**MEMORANDUM DECISION**

Petitioner Father D.T., by counsel Adam Campbell, appeals the Circuit Court of Kanawha County's April 5, 2019, dispositional order terminating his parental rights to S.S.-1, S.S.-2, and D.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Christopher C. McClung, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for a post-dispositional improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2018, the DHHR filed a child abuse and neglect petition after the children's mother was found intoxicated in a parked car with S.S.-1 and S.S.-2. Additionally, S.S.-2 was found naked and S.S.-1 was drinking a bottle of spoiled milk. The petition alleged that the children's mother was arrested and charged with child neglect creating risk of injury and simple possession of methamphetamines after a bag of illegal drugs was found in her possession. The petition further alleged that the children's mother and petitioner failed to provide the children with

_____

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children share the same initials, we will refer to them as S.S.-1 and S.S.-2, respectively, throughout this memorandum decision.

[2]On appeal, petitioner does not specifically challenge the circuit court's termination of his parental rights.

necessary food, clothing, supervision, and housing, and that neither parent was sufficiently motivated or organized to provide for the needs of their children. After the petition's filing, a preliminary hearing was held where the circuit court sustained the petition after taking testimony and evidence.

In September of 2018, the DHHR filed an amended petition that added additional allegations against petitioner. Specifically, the amended petition alleged that petitioner used illegal substances, lacked a habitable home, and was unemployed. The amended petition further alleged that petitioner did not provide for the children and was aware of the children's mother's drug use, yet still permitted the children to be in her care. Shortly after the filing of the amended petition, the circuit court held an adjudicatory hearing. Petitioner did not appear in person, but was represented by counsel. The circuit court heard testimony from a Child Protective Services ("CPS") worker who testified that he personally served petitioner with a copy of the amended petition. The worker further testified that petitioner admitted that he had a drug problem, was not in a position to care for the children, and wanted to give guardianship of the children to his mother. Based on the evidence presented, the circuit court adjudicated petitioner as an abusive and neglectful parent.

In November of 2018, the circuit court held a dispositional hearing. The circuit court heard testimony from a CPS worker and petitioner. The CPS worker recommended termination of petitioner's parental rights based on his failure to contact his service provider and pick up his drug screen packet from the DHHR. Petitioner moved for a post-dispositional improvement period and testified that he entered himself into Highland Hospital the previous Saturday for his drug addiction and desired to parent his children. The circuit court, on its own motion, granted petitioner a sixty-day continuance of the dispositional hearing and ordered that petitioner be enrolled in a long-term drug rehabilitation treatment program by the next hearing.

In January of 2019, the circuit court held a final dispositional hearing. Petitioner appeared by telephone due to being incarcerated. The circuit court heard testimony from a CPS worker and petitioner. The CPS worker testified that, since the last hearing, petitioner admitted himself into Highland Hospital but left after one day. Thereafter, petitioner was arrested for grand larceny. The CPS worker further testified that petitioner failed to cooperate with any of the services that were designed to remedy the conditions that led to the filing of the petition. As such, the CPS worker recommended termination of petitioner's parental rights. Petitioner testified that he was incarcerated and being held on two separate bonds for arson and grand larceny. Upon the circuit court's inquiry, petitioner testified that drugs led to both of his criminal charges. Petitioner admitted that he had not provided his children with any means of support in two years. Petitioner renewed his motion for a post-dispositional improvement period, which was denied by the circuit court. Based on the evidence presented, the circuit court found that petitioner failed to follow through with a reasonable family case plan and demonstrated an inadequate capacity to solve the problems of child abuse and neglect on his own or with help. Accordingly, the circuit court concluded that there was no reasonable likelihood that the conditions of abuse and neglect could

be substantially corrected and terminated petitioner's parental rights to the children. It is from the April 5, 2019, dispositional order that petitioner appeals.[3]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner's sole argument is that the circuit court committed clear error when it found that he was not entitled to a post-dispositional improvement period. Specifically, petitioner asserts that granting him an improvement period was in the children's best interest. Petitioner further argues that the circuit court failed to allow him the opportunity to correct his substance abuse issues that affected his parenting abilities. We disagree.

The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . ."). Furthermore, West Virginia Code § 49-4-610(3)(B) provides that a circuit court may grant a post-dispositional improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period."

Here, the record does not show that petitioner demonstrated, by clear and convincing evidence, that he was likely to fully participate in a post-dispositional improvement period. While petitioner asserts that the circuit court failed to provide him an opportunity to correct his substance abuse problem, this assertion ignores the fact that the circuit court granted him a sixty-day continuance at the first dispositional hearing to provide him time to enter long-term treatment. Despite being given this opportunity, petitioner enrolled in a treatment facility, only to leave after one day and was subsequently arrested and charged with grand larceny. Petitioner admitted that

---

[3]According to respondents, the children's mother successfully completed all aspects of her improvement period and the children will be reunified with her with a permanency plan to remain in the mother's care.

drugs led to this charge. Although petitioner asserts that granting him an improvement period was in the children's best interest as evidenced by his attempt to seek "some rehabilitation" for his drug problem prior to the final dispositional hearing, petitioner fails to acknowledge that he left treatment after only one day. Furthermore, not only did petitioner fail to demonstrate any commitment to drug rehabilitation, he also failed to participate in any of the services provided to him by the DHHR. Based on petitioner's failure to demonstrate that he was likely to fully participate in an improvement period, we find no error in the circuit court's decision to deny petitioner's motion for a post-dispositional improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 5, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**:  February 7, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison